UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WING NUEN LIU,

                Petitioner,

v.

BRUCE SCOTT, *et al.*,

                Respondents.

CASE NO. 2:23-cv-01654-JHC-GJL

REPORT AND RECOMMENDATION

Noting Date: January 26, 2024

    Petitioner Wing Nuen Liu initiated this 28 U.S.C. § 2241 immigration habeas action *pro se* to obtain release from detention. Dkt. 1. Petitioner has subsequently been released from custody on an Order of Supervision ("OSUP"). Dkt. 6-1, Ex. A. Accordingly, the Government has filed the instant Motion to Dismiss for Mootness. Dkt. 6. Petitioner has not filed an opposition to the Motion. *See* Dkt.; *see also* Dkt. 6 (certificate of service).

    Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the

petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's habeas petition seeks only release from detention,[1] his claims have been fully resolved. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Petitioner's habeas Petition should be dismissed as moot. *See id.*

The Court thus recommends that the Government's Motion to Dismiss (Dkt. 6) be **GRANTED** and this action be **DISMISSED without prejudice**. Any pending Motions should also be **DENIED as moot**. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 26, 2024, as noted in the caption.

Dated this 8th day of January, 2024.

Grady J. Leupold
United States Magistrate Judge

---

[1] In his Petition, Petitioner requests the Court require U.S. Immigration and Customs Enforcement ("ICE") provide him with transportation fare. *See* Dkt. 1 at 46. As noted by Respondents, this Court's habeas jurisdiction does not include review of requests for monetary relief. *See* Dkt. 6 at 2, n.1.

REPORT AND RECOMMENDATION - 2